## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DANETTE ROGERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-04725-M |
| | § | |
| ALLSTATE INDEMNITY COMPANY and | § | |
| MICHAEL FORD, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand, filed by Plaintiff Danette Rogers ("Plaintiff"

or "Rogers") [Docket Entry #7]. The Motion raises one central question: whether Rogers's

Petition states a claim against an in-state defendant, or whether that defendant was improperly

joined and therefore irrelevant for the purpose of determining diversity jurisdiction. For the

reasons set forth below, the Court determines that Rogers has adequately pled her claim against

the in-state defendant. Accordingly, the Court lacks jurisdiction, and **GRANTS** the Motion to

Remand.

### I.   BACKGROUND

This suit arises from an insurance agreement, the Landlords Package Policy (the

"Policy"), between Rogers and Allstate Indemnity Insurance Company ("Allstate"). According

to Rogers's Petition, a pipe in her basement burst as a result of cold weather during the first week

of February 2011. She submitted an insurance claim under the Policy on February 15, 2011, for

water damage that allegedly resulted from the burst pipe. Allstate adjusters, including Joshua

Hamilton, visited the property to investigate the claim on February 18, 2011, and February 21, 2011.  On March 18, 2011, the day after Rogers had left him a voice message, Hamilton called Rogers and informed her that Allstate had denied her claim.  That same day, Hamilton mailed Rogers a letter communicating the basis for the denial.  Rogers allegedly complained about the "cursory denial," prompting Allstate to reassign her claim to a series of new adjusters, culminating with Michael Ford ("Ford").  On April 20, 2011, Ford allegedly examined the property, and, in a letter dated May 5, 2011, communicated Allstate's second denial of the claim.

As a result of this denial, Rogers sued Ford and Allstate in state court, alleging that Defendants engaged in unfair or deceptive insurance practices, as proscribed by Section 541.060 of the Texas Insurance Code.  Allstate is a citizen of Illinois; Rogers and Ford are citizens of Texas.  Defendants removed the case to federal court based on diversity jurisdiction, claiming that the non-diverse Defendant, Ford, was improperly joined and should be disregarded when considering diversity of citizenship.  Rogers moves to remand.

## II.  LEGAL STANDARD

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  28 U.S.C. § 1441.  If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A case may be removed despite the presence of a non-diverse defendant, however, if the removing defendant shows that the non-diverse defendant was improperly joined.  *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts or (2) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The burden of persuasion on those who claim . . . [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003).

To determine "whether the complaint states a claim under state law against the in-state defendant," the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573. The court may also conduct a summary judgment-like inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. All factual allegations are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 203, 308 (5th Cir. 2005).

Where, as here, the court's inquiry focuses on plaintiff's ability to establish a cause of action against a non-diverse defendant, the court must also determine whether to apply federal or state pleading standards. The Fifth Circuit has not provided definitive guidance on this issue, nor have the courts in this district taken a uniform approach. *See Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4–5 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) (comparing cases from the Northern District of Texas). However, this Court has recently determined that the better reasoned approach is to apply the state court pleading standard. *See id.*

Texas applies a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-CV-0509-G, 2011 WL 1103023 (N.D. Tex. Mar. 22, 2011) (Fish, J.) (quoting *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). A pleading can contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex. R. Civ. P. 45(b). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin 1996, no writ). Moreover, the court will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff specifically stated. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1993, writ denied).

### III. DISCUSSION

The central question here is whether Rogers adequately pled her Insurance Code claims against in-state Defendant Ford. Section 541.060 of the Texas Insurance Code prohibits those in the business of insurance, including adjusters, from engaging in certain unfair settlement practices, such as: failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim to which the insurer's liability has become reasonably clear; failing to provide a policyholder a reasonable explanation of the basis for the denial of her claim; failing to affirm or deny coverage within a reasonable time; and refusing to pay a claim without conducting a reasonable investigation. Tex. Ins. Code. § 541.060; *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007) (holding that a claims adjuster responsible for the servicing of insurance policies was engaged in the business of insurance, within the meaning of the Texas

Insurance Code, and thus, could be held liable individually for violations of the Insurance Code). Rogers contends that both Allstate and Ford violated all of these provisions.

In support of her claims against Ford, Rogers alleges that Allstate assigned her claim to Ford, that Ford inspected her property, and that Ford wrote and sent the letter communicating Allstate's second denial of her claim. In that letter, Ford explains Allstate's position that "there were no indications that water from the pipe on the exterior garage wall entered the living area of the dwelling." Notice of Removal Ex. B (Pl.'s Original Pet.) at ¶ 4.9. This position, according to Rogers, stands in stark contrast to the "evidence," which "shows that the pipe clearly burst and caused massive water damage." *Id.* at ¶ 4.10. The combination of these alleged facts provides Ford with sufficient information to ascertain the nature and basic issues of the controversy and what testimony will be relevant. *See Horizon/CMS Healthcare Corporation*, 34 S.W.3d at 896.

Rogers clearly alleges that Ford conducted an investigation of the property and was responsible, at least in part, for the decision to deny her claim and for the communication of that denial. She also alleges that the evidence made it reasonably clear that Allstate was liable under the Policy. To be sure, the fact finder must answer a number of questions in the affirmative before Rogers can prevail on her claims, namely: that it was reasonably clear that Allstate was liable; that Ford's failure to offer a settlement was in bad faith; that Ford's explanation of the denial was unreasonable; that Ford's denial of the claim took an unreasonable amount of time; and that Ford's investigation was unreasonable. But it is not this Court's role to determine the reasonableness of Ford's actions. Even considering Defendants' evidence that Rogers removed the drywall surrounding the pipe before Allstate could inspect it, the Court cannot conclude that there is no reasonable probability that Rogers's claims against Ford could prevail.

Finally, under Texas law, Rogers's claims are not barred by her failure to submit to examination under oath.  Should the state court determine that Allstate's request for Rogers to make herself available for examination under oath, contained in correspondence sent on April 16, 2012, almost a year after Ford's denial letter, triggers a condition precedent to recovery, the proper remedy would be to abate the action, not dismiss it.  *See In re Foremost County Mut. Ins. Co.*, 172 S.W.3d 128, 134 (Tex. App.—Beaumont 2005, no pet.).  In *Foremost County*, a Texas appellate court confirmed that "insurance policy provisions requiring the insured's submission to examination under oath as a condition precedent to sustaining a suit on the policy are valid." *Id.* However, the court further held that "[t]he insurer's proper remedy to enforce the condition precedent is abatement rather than bar." *Id.*  Thus, Rogers's failure to submit to examination under oath does not bar her claims under Texas law, and does not affect the sufficiency of her pleading.

For the reasons stated above, the Court concludes that Defendants have not met their heavy burden of establishing that Rogers could not recover on her claims against in-state Defendant Ford.  Accordingly, the Court lacks diversity jurisdiction, and **REMANDS** the action to the 160th Judicial District Court of Dallas County, Texas.

**SO ORDERED**.

May 20, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS